IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE CONTRERAS MIRELES, | § | |
| A Number 221-359-977, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-02834-FB |
| | § | |
| MARKWAYNE MULLIN, Secretary, U.S | § | |
| Department of Homeland Security; *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Jose Contreras Mireles' ("Petitioner") Verified Petition for Writ

of Habeas Corpus ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") response (ECF

No. 3), and Petitioner's reply (ECF No. 4). The relevant facts are undisputed and the Court grants relief

without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the South Texas Immigration Processing Center in Pearsall,

Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful

and asks the Court to order Petitioner's release or a bond hearing.

## DISCUSSION

In preparing their response to the Petition, Respondents were ordered to consider a list of prior

court orders issued in the Western District of Texas addressing whether Petitioner's detention violates

due process and note any material factual differences. (Order for Service, ECF No. 2 at page 3). By

way of their response, Respondents state that "it is *unclear* whether the petitioners in [two of] the cited

cases requested bond hearings in immigration court, the absence of a bond redetermination request in

the present case *may* serve as a distinguishing fact." (ECF No. 3 at page 4, fn. 4) (emphasis added). Without more support, the Court declines to find that Respondents have noted a material factual difference between this case and the Court's prior decisions in *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, (W.D. Tex. Feb. 25, 2026), and *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, (W.D. Tex. Feb. 26, 2026).

Otherwise, Respondents did not address whether the factual and legal issues presented in this case differ in any material fashion from those presented in the identified decisions. The Court therefore considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated

Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.   Respondents are **DIRECTED** to **RELEASE** Petitioner Jose Contreras Mireles from custody, under reasonable conditions of supervision, to a public place no later than **May 21, 2026**.

2.   Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.   Respondents shall **FILE** a status report no later than **May 22, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 19th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE